IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE TORRES GRIMALDI-GARCIA, | ) | No. CV-F-04-6283 OWW<br>(No. CR-F-03-5049 OWW) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On September 20, 2004, petitioner Jose Torres Grimaldi-Garcia timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged by Superseding Information with one count of misdemeanor illegal entry in violation of 8 U.S.C. § 1325(a)(1) and with one count of felony illegal entry in violation of Section 1325(a)(1). Petitioner pleaded guilty pursuant to a written Plea Agreement to both counts. The Plea Agreement provided in pertinent part:

**III.  Agreements by Defendant**.

1

1          ...

2          (c) Defendant expressly, knowingly and
           voluntarily waives his Constitutional and
3          statutory rights to appeal, including any
           rights to appeal his conviction and sentence
4          on any ground and any appeal right conferred
           by 18 U.S.C. § 3742.  Defendant further
5          agrees not to contest his sentence in any
           post-conviction proceeding, including, but
6          not limited to, any proceeding under 28
           U.S.C. § 2255;

7          ...

8
           (e) Defendant agrees that he shall be
9          sentenced to the statutory maximum of two (2)
           years as to Count Two on the information and
10         the statutory maximum of six (6) months as to
           Count One of the Information and that the
11         sentence on Count One is to run <u>consecutive</u>
           to the sentence on Count Two for a total term
12         of 30 months.

13  Petitioner was sentenced on November 17, 2003 to 30 months

14  incarceration.  Petitioner did not file a Notice of Appeal.

15      The Section 2255 motion asserts two grounds for relief.

16  First, that petitioner was denied the effective assistance of

17  counsel "during process" because "[a] new rule of constitutional

18  law made retroactive to cases on collateral review by the Supreme

19  Court that was previously unavailable."  Second, that the

20  "Guidelines are unconstitutional" and that

21         Defendant pleaded guilty, because the
           government charged defendant with past
22         criminal history.  That would put defendant,
           under the guideline range of 20 years.  If
23         the took [sic] to trial.

24      Petitioner's motion is without merit.

25      First, Petitioner waived his right to bring a Section 2255

26  motion in the Plea Agreement and makes no contention or showing

                                2

1  that the waiver in the Plea Agreement was unknowing and

2  involuntary.  *See  Washington v. Lampert*, 422 F.3d 864, 871 (9th

3  Cir.2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1778 (2006).

4       Second, petitioner has not demonstrated ineffective

5  assistance of counsel.  Claims asserting the ineffective

6  assistance of counsel are analyzed under the two-prong test

7  announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  As

8  explained in *United States v. Quintero-Barraza*, 78 F.2d 1344,

9  1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two
> components to an effectiveness inquiry, and
> the petitioner bears the burden of
> establishing both ... First, the
> representation must fall 'below an objective
> standard of reasonableness.' ... Courts
> scrutinizing the reasonableness of an
> attorney's conduct must examine counsel's
> 'overall performance,' both before and at
> trial, and must be highly deferential to the
> attorney's judgments ... In fact, there
> exists a 'strong presumption that counsel
> "rendered adequate assistance and made all
> significant decisions in the exercise of
> reasonable professional judgment."' ... In
> short, defendant must surmount the
> presumption that, 'under the circumstances,
> the challenged action "might be considered
> sound trial strategy."' ... Thus, the proper
> inquiry is 'whether, in light of all the
> circumstances, the identified acts or
> omissions were outside the wide range of
> professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong,
> he must then establish that there is 'a
> reasonable probability that, but for
> counsel's unprofessional errors, the result
> would have been different ....'

25  Where a petitioner enters a guilty plea upon the advice of

26  counsel, the voluntariness of the plea depends upon whether the

petitioner received effective assistance of counsel.  In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

Petitioner's claim is based on the premise that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) has been overruled.  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."  530 U.S. at 490. The Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004) and in *United States v. Booker*, 543 U.S. 220 (2005) again exempted the fact of a prior conviction from its holdings.  *See United States v. Quintana-Quintana*, 383 F.3d 1052 (9th Cir.2004), *cert. denied*, 543 U.S. 1130 (2005); *United States v. Asberry*, 394 F.3d 712 (9th Cir.), *cert. denied*, ___ U.S.___ , 126 S.Ct. 198 (2005); *See also United States v. Weiland*, 420 F.3d 1062, 1079 n.16 (9th Cir. 2005)("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez-Torres* ..., we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court.").  Therefore, counsel was not ineffective by failing to speculate as to the future course of the law.

1    ACCORDINGLY, as set forth above:

2    1.  Petitioner Jose Torres Grimaldi-Garcia's motion to

3  vacate, set aside or correct sentence pursuant to 28 U.S.C. §

4  2255 is DENIED.

5  IT IS SO ORDERED.

6  **Dated:   November 22, 2006**              **/s/ Oliver W. Wanger**
   668554                              UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26